UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| DAVID MATSON,<br><br>        Plaintiff,<br><br>   v.<br><br>JEAN CANE,<br><br>        Defendant. | Case No. 14-cv-04091-NJV   (NJV)<br><br>**ORDER TO REASSIGN CASE & REPORT AND RECOMMENDATION REMANDING ACTION TO STATE COURT** |

On September 9, 2014, Defendant filed a Notice of Removal (Doc. 1) of this unlawful detainer action from the Superior Court of California, County of Mendocino and a Motion for leave to proceed *in forma pauperis* (Doc. 2). For the reasons that follow it is the undersigned's RECOMMENDATION that the Motion for leave to proceed *in forma pauperis* (Doc. 2) be denied and this matter be remanded to the Superior Court of California, County of Mendocino for lack of subject matter jurisdiction.

**DISCUSSION**

On or about July 11, 2014, Plaintiff, David Matson, filed a complaint for unlawful detainer against Defendant, Jean Cane, with the Superior Court of California, County of Mendocino. *See* Exh. 1 of Notice of Removal (Doc. 1-1). As stated above, Cane filed a Notice of Removal to this court on September 9, 2014. Cane asserts that this matter is properly removed to this court on the basis of federal question jurisdiction. Notice of Removal (Doc. 1) at 2.

The removal statue states that "any civil action brought in a State court of which the

district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  The question then, is whether this court has original jurisdiction over this unlawful detainer action.  It does not.  "Unlawful detainer claims do not arise under federal law and, without more, the court lacks federal question jurisdiction." *Wells Fargo Bank N.A. v. Robinson,* No. C 14-03663 LB, 2014 WL 4748471, at *3 (N.D. Cal. Sept. 23, 2014) (citing *Fed. Nat'l Mortg. Assoc. v. Lopez*, No. C 11–00451 WHA, 2011 WL 1465678, at *1 (N.D.Cal. Apr. 15, 2011); *GMAC Mortg. LLC v. Rosario*, No. C 11–1894 PJH, 2011 WL 1754053, at *2 (N.D.Cal. May 9, 2011); *Wescom Credit Union v. Dudley*, 2010 WL 4916578, at *2 (C.D.Cal. Nov. 22, 2010)).

In the Notice of Removal, Cane asserts that the answer in the state action included an allegation that Matson violated 12 U.S.C. § 5220, and, thus, the court has federal question jurisdiction.  Notice of Removal (Doc. 1) at 2.  However, "[i]t is 'settled law that a case may not be removed to federal court on the basis of a federal defense.'"  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 14 (1983)).  Moreover, "[t]here is no federal jurisdiction under § 5220 because Congress did not create a private right of action when it enacted that statute."  *Capital One, N.A. v. Doroudi*, 2012 WL 5305097, at *1 (C.D. Cal. Oct. 24, 2012) (citing *Wescom Credit Union v. Dudley*, 2010 WL 4916578, at *2 (C.D.Cal. Nov. 22, 2010); *Miller v. Chase Home Finance*, LLC, 677 F.3d 1113, 1115–17 (11th Cir. 2012)).

## CONCLUSION

Because the parties have yet to consent to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a District Judge.  Further, for the reasons stated above, the undersigned RECOMMENDS that this case be remanded to the Superior Court of California, County of Mendocino and the Motion for leave to proceed *in forma pauperis* (Doc.

2) be denied as moot.

Any party may file objections to this report and recommendation with the district court within fourteen (14) days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) & (C); Fed. R. Civ. P. 72(b); Civil L.R. 72-3. Failure to file objections within the specified time may waive the right to appeal the district court's order.

**IT IS SO ORDERED**.

Dated: November 13, 2014

_____
NANDOR J. VADAS
United States Magistrate Judge